UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MICHELE FRANCIS,

              Plaintiff,

    -against-                           19-cv-01979 (LAK)

COSTCO WHOLESALE CORPORATION AND COSTCO
WHOLESALE MEMBERSHIP, INC.,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

        Jason Scott Steinberg
        BURNS & HARRIS
        *Attorney for Plaintiff*

        Sal F. DeLuca
        Michael Christopher Lamendola
        SIMMONS JANNACE DELUCA, LLP
        *Attorneys for Defendants*

LEWIS A. KAPLAN, *District Judge.*

        Michele Francis seeks to recover damages for injuries allegedly sustained when she slipped at a Costco store. The defendants move for summary judgment dismissing the complaint. Among other grounds, defendants argue that plaintiff failed to present any evidence that her slip at Costco – a slip that concededly did not even result in her falling – caused her alleged injury. For the reasons discussed below, the Court agrees.

*Facts*

Plaintiff claims that she slipped on a white substance, which appears to have been mayonnaise, on the floor of a Costco store.  She acknowledges that she did not fall and that her knees did not contact the ground when she slipped.[1]  Nonetheless, on August 28, 2017, ten days after slipping at Costco, she visited her orthopedist, complained of bilateral knee pain, and was treated with injections to both knees.[2]

Plaintiff claims that the pain and treatment for her left knee was caused by her slip at Costco.[3]  She concedes that she was treated for arthritis in her right knee prior to slipping at Costco but denies any prior history of arthritis in her left knee.[4]  According to her medical records from August 28, 2017, an x-ray of her knees demonstrated "***bilateral degenerative*** joint disease of the knee" and she was diagnosed with "primary osteoarthritis[5] of the left knee" in addition to the right.[6]  The medical records contain no reference to any traumatic injury or to any condition other

---

[1]

Dkt. 46 at 2 (agreeing with defendants' statement that she slipped but did not fall).

[2]

Dkt. 30-20 at 36-37.

[3]

Plaintiff's opposition brief argues only that her left knee was injured by the incident at Costco.

[4]

Dkt. 30-12 at 55.

[5]

Osteoarthritis is a degenerative joint disease.  STEDMANS MEDICAL DICTIONARY 637280 (2014).

[6]

Dkt. 30-20 at 37 (emphasis added).

Plaintiff does not challenge the admissibility of these medical records and in fact relies on them herself in opposing the motion for summary judgment.  In any case, medical records may be admissible under the business records exception to the hearsay rule.  Here, defendants submitted plaintiff's medical records with a certification from Montefiore

than osteoarthritis.

Plaintiff claims that she had had no problem with her left knee before the incident at Costco.  But she has submitted no evidence either from a medical expert witness or any treating physician apart from the medical records referred to above.  Accordingly, there is no evidence that osteoarthritis could have developed as a result of, or aggravated by, plaintiff's alleged slip at Costco apart from plaintiff's lay assertion.

*Discussion*

*The Summary Judgment Standard*

The Court must grant a motion for summary judgment when the moving party shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."[7]  The moving party may satisfy this burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."[8]  Once it has done so, the non-moving party must respond with "specific facts showing that there is

---

Medical Center's Senior Director of Health Information Management stating that the records were prepared in the regular course of business near the time of occurrence, as required by Federal Rule of Evidence 806(3). *See Djangmah v. Falcione*, No. 08-cv-4027 (KPF), 2013 WL 6388364, at *6 (S.D.N.Y. Dec. 5, 2013) (citing *United States v. Sackett*, 598 F.2d 739, 742 (2d Cir. 1979) (holding that hospital records as admissible if they "were kept in the course of the regularly conducted business activity of the hospital")).

[7]   Fed. R. Civ. P. 56(a).

[8]   *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

4

a genuine issue for trial."[9]  To this end, the non-moving party must present admissible evidence[10]

and "do more than simply show that there is some metaphysical doubt as to the material facts."[11]

In considering whether this burden has been met, the Court "draw[s] all factual inferences and

resolve[s] all ambiguities in favor of the non-moving party."[12]

*The Failure of Proof as to Causation*

Here, there is no medical evidence whatsoever connecting plaintiff's post-slip

complaint of pain in her left knee with the alleged incident at Costco.  There is nothing at all but

plaintiff's complaint of post-slip pain and her lay opinion that the pain must have been caused by

the slip because she did not perceive any pain before it occurred.  That is insufficient to defeat a

motion for summary judgment.  Indeed, it would be insufficient even crediting plaintiff's assertion

that the pain occurred only after the Costco incident.

Assuming for argument's sake that plaintiff first felt left knee pain after her visit to

Costco, the most that could be said is that this is a case, in which there are at least two possible

causes.  There is plaintiff's contention that the pain could be linked to the slip on the Costco aisle.

And there is the unrefuted record by the treating physician, Dr. Pope, that his examination and X-

rays showed only degenerative joint disease – osteoarthritis – in the left knee and no reference

---

[9]

    *Id.* at 324.

[10]

    *E.g., Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997).

[11]

    *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[12]

    *Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020).

whatever to any other possible cause of the pain of which plaintiff complained.

In such circumstances, "where an injury has multiple potential etiologies, expert testimony is necessary to establish causation."[13]  In addition, "aggravation of pre-existing injuries must be established by objective medical evidence."[14]  Plaintiff has failed to submit any such evidence.  Instead, she claims she can establish causation based on:  (a) her medical records, (b) testimony from her treating physician, Dr. Pope, (c) her own testimony, and (d) the report of defendants' expert, Dr. Bazos.[15]  None of this evidence is sufficient to create a dispute of material fact as to causation.

Even assuming its admissibility, the hospital report from the day of the incident merely notes that plaintiff slipped at Costco and does not mention whether any of the pain in her left knee was caused by the slip as opposed to a pre-existing condition.[16]  And because plaintiff did not hit the ground when she slipped, the mere fact that her foot slipped when she stepped on some substance is not sufficient to create a factual question as to the cause of her injury.  Likewise, her own testimony on this issue is not objective medical evidence.

---

[13]

*Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004).  *See also Alvarez v. NYLL Mgmt. Ltd.*, 120 A.D.3d 1043, 1044 (1st Dep't. 2014), *aff'd*, 24 N.Y.3d 1191 (2015) (Surgeon's opinion that plaintiff's "knee and spine conditions were caused by the accident, and not degeneration, was insufficient to raise an issue of fact as to causation" due to its "failure to address plaintiff's history of arthritis" among other deficiencies).

[14]

*Mastrantuono v. United States*, 163 F. Supp. 2d 244, 257-58 (S.D.N.Y. 2001).  *See also Jimenez v. Supermarket Serv. Corp.*, No. 01-cv-273 (DLC), 2002 WL 662135, at *4 (S.D.N.Y. Apr. 22, 2002) ("to the extent [plaintiff] sought to recover for aggravation of a preexisting injuries, expert testimony was critical.").

[15]

Dkt. 45 at 8-10.

[16]

Dkt. 44-3 at 5.

6

Critically, plaintiff has failed to submit an expert report or an affidavit from a treating physician. She argues that her failure to disclose Dr. Pope as an expert under Rule 26 should not preclude him from testifying at trial. But this argument misses the point. Plaintiff cannot defeat a motion for summary judgment by pointing to hypothetical testimony that she claims Dr. Pope would give if called at trial. At this stage, the Court has no idea what Dr. Pope might say if he was called to testify and whether his testimony would be sufficient to satisfy plaintiff's burden on this motion.

This failure is fatal to her claim. "A party opposing a motion for summary judgment simply cannot make a secret of his evidence until the trial."[17] Instead, "[i]f . . . evidence [is] available to underpin [plaintiff's] conclusory statement, Rule 56 require[s] her to come forward with it" in her opposition to the summary judgment motion.[18] Plaintiff has failed to do so and her "promise to call additional witnesses . . . does not qualify as admissible evidence to defeat a motion for summary judgment."[19]

Plaintiff's final purported source of evidence – the report of defendants' expert, Dr. Bazos – fails as well. She claims that Dr. Bazos' report establishes that she suffered soft tissue

---

[17]

        *Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707, 713 (2d Cir. 1991) (*quoting Donnelly v. Guion*, 467 F.2d 290, 293 (2d Cir. 1972)). *See also Perma Rsch. & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) ("summary judgment cannot be defeated by the vague hope that something may turn up at trial.").

[18]

        *Donnelly*, 467 F.2d at 293.

[19]

        *Bunkley-Claybrooks v. Shelly's of New York*, No. 07-cv-7727 (JGK), 2009 WL 2486046, at *4 (S.D.N.Y. Aug. 14, 2009). *See also Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15-cv-293 (LTS), 2019 WL 4735387, at *12 (S.D.N.Y. Sept. 27, 2019) ("Plaintiffs' promise to produce evidence . . . at a later stage 'through trial testimony . . . is insufficient to meet Plaintiffs burden at summary judgment to produce 'hard evidence' showing that there is a genuine issue of material fact for trial.") (subsequent history omitted).

7

injury from her slip at Costco.[20]  But her characterization of his report is incorrect.  The report concludes that she suffered "nothing more" than minor soft tissue injuries to her knees as a result of the incident at Costco.[21]  Read in context of the entire report – which expressly denies that her alleged injury was caused by the incident – this statement is plainly not an affirmative finding of causation.[22]  Accordingly, Dr. Bazos' report is not sufficient to enable plaintiff to survive defendants' motion.

## Conclusion

Plaintiff has failed to provide any evidence establishing an issue of material fact with regard to causation.  Accordingly, defendants' motion for summary judgment dismissing the complaint [Dkt. 30] is granted.  The Clerk shall enter judgment and close the case.

SO ORDERED.

Dated: April 7, 2021

Lewis A. Kaplan
United States District Judge

---

[20]  Dkt. 45 at 8.

[21]  Dkt. 44-5 at 14.

[22]  *Id.* at 12-13.